## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

KRISTY M. SAYLES,

                          Plaintiff,

vs.                                          Case No. 06-CV-413-FHM

MICHAEL J. ASTRUE,
Commissioner,
Social Security Administration,

                          Defendant.

## <u>ORDER</u>

Plaintiff, Kristy M. Sayles, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]   In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).   Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

---

[1]  Plaintiff's April 7, 2003, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held May 23, 2005.  By decision dated August 16, 2005, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council affirmed the findings of the ALJ on June 14, 2006.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born August 1, 1979, and was 26 years old at the time of the hearing. She has a high school education and formerly worked as insurance company processor, office manager/receptionist, cashier, sales clerk, and order taker.  She claims to have been unable to work since November 1, 2001, as a result of bipolar disorder and bulimia nervosa.  The ALJ determined that Plaintiff's limitations are entirely mental, however she remains able to understand, remember, and carry out only simple one-step tasks and some more detailed tasks under routine supervision, but she is unable to relate effectively to the general public. [R. 19].  Although Plaintiff is unable to return to her former work, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence.   Specifically, Plaintiff argues that the ALJ: failed to perform a proper determination at step 3 of the sequential evaluation process; failed to properly consider the opinions of the treating physicians; failed to perform a proper credibility determination; and

2

failed to perform a proper determination at step 5 of the sequential evaluation process.[2]

The Court concludes that the record contains substantial evidence supporting the ALJ's

denial of benefits in this case, and that the ALJ applied the correct standards in evaluating

the evidence.  Therefore the Commissioner's denial of benefits is AFFIRMED.

## Listing Analysis

The Listings describe, for each of the major body systems, impairments which are

considered severe enough to prevent a person from performing any gainful activity.  20

C.F.R. Pt. 404, Subpt. P, App.1.  It is well established that _all_ of the specified medical

criteria must be matched to meet a listing.  *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct.

885, 891, 107 L.Ed.2d 967 (1988).  It is Plaintiff's burden to show that her impairment is

equivalent to a Listing.  *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988).  In addition,

the determination whether an impairment meets Listing criteria is based solely on medical

findings.  *Kemp v. Bowen,* 816 F.2d 1469, 1473 (10th Cir. 1987); 20 C.F.R. §§ 416.925-26.

---

[2]  The Scheduling Order entered in this case contains specific directions about the required format of the briefs. [Dkt. 8].  Section II of the Order requires Plaintiff to "list and number each specific error the Commissioner or ALJ made in concluding that Plaintiff was not disabled." [Dkt.7, p. 2] [emphasis supplied]. Generic identification of errors, such as "[t]he ALJ failed to perform a proper determination at step 3of the sequential evaluation process" and "[t]he ALJ failed to perform a proper determination at step 5 of the sequential evaluation process" [Dkt. 17, pp.1-2] do not comply with the Scheduling Order requirement of specificity.

Plaintiff and counsel are advised they are required to follow the Scheduling Order's requirement of specifically listing errors and to couple that with the development of argument by showing both error and how it requires relief in the case. [Dkt. 7, §2(A)(3)(requiring discussion of each error in detail with explanation of why the error requires reversal or remand)].  Further, when authority is cited without any attempt to clearly relate the principles espoused therein to the case at hand, the party risks waiving the alleged error.  *See generally U.S. v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995)(issues nominally raised, but not briefed not raised adequately on appeal and therefore not considered on the merits).  By way of example, at page 10 of her brief, Plaintiff included a single sentence arguing that the case should be remanded because she might be eligible for a closed period of benefits of 19 months. [Dkt. 17-1, p. 10].  The Court has not addressed that contention because there is no discussion of that argument and it is not evident from the context what Plaintiff is talking about.

The Court rejects Plaintiff's assertion that the case should be remanded because the ALJ failed to discuss the specific requirements of the Listings he considered. The Listings which pertain to Plaintiff, §§ 12.04 and 12.07, require that Plaintiff meet two sets of criteria, the paragraph "A" criteria and the paragraph "B" criteria. The "B" criteria are the same for both Listings. The ALJ used the psychiatric review technique prescribed by regulation, 20 C.F.R. §§ 404.1520a, 416.920a, to discuss the evidence contained in the record as it relates to the "B" criteria. Since Plaintiff did not meet the "B" criteria, and to meet a Listing she must meet all the criteria, there was no need for the ALJ to discuss the "A" criteria.

Plaintiff disagrees with the ALJ's conclusions concerning the "B" criteria. However, she has not demonstrated that the ALJ's conclusions are not supported by substantial evidence. While there is some evidence which may be viewed as supporting Plaintiff's position, the ALJ's conclusions are supported by substantial evidence.

Plaintiff asserts that the effect of her three suicide attempts were ignored as evidence of decompensation. However, the medical records do not substantiate these alleged suicide attempts. The record contains references to: Plaintiff having suicide ideation, but no plan [R. 155]; Plaintiff's own unsubstantiated reports of having made an attempt [R. 142, 178, 195]; and having suicidal thoughts, but that she would "never comitt [sic] suicide" [R. 191]. According to Plaintiff, if the ALJ had fully developed the record, he would have obtained the records of all her suicide attempts. The undersigned rejects the assertion that the ALJ failed in his duty to fully develop the record. Although the regulations permit a claimant to submit additional records to the Appeals Council, 20 C.F.R. § 404.970(b), Plaintiff did not submit additional records reflecting the alleged suicide

4

attempts.  Plaintiff has thus provided the court no basis to believe that more records covering the relevant time frame are available.

### Treating Doctor Opinion

Plaintiff argues that the ALJ's decision should be reversed because he failed to properly consider the opinions of her treating physicians.  An ALJ is required to give controlling weight to a treating physician's opinion if the opinion is both: (1) well supported by medically acceptable clinical and laboratory diagnostic techniques; and (2) consistent with other substantial evidence in the record.  *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).  If the ALJ rejects the opinion completely, he must give specific legitimate reasons for doing so.  *Miller v. Chater*, 99 F.3d 972, 976 (10th Cir. 1996), *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

The medical record contains two treating source opinions which are Mental Residual Functional Capacity Assessment forms completed by two different doctors.  The form dated April 14, 2003, indicates that Plaintiff had moderate limitations in her ability to function in various areas. [R. 192-193].  The form dated June 1, 2005, contained a number of ratings reflecting Plaintiff had marked or severe limitations in her ability to function. [R. 238-239].  The ALJ noted that it was conceivable that Plaintiff's impairments worsened between 2003 and 2005, but found that the 2005 opinion was not supported by the treatment notes which indicate that Plaintiff was doing well on her medications and fail to show an increase of symptoms or decline in functioning for any sustained period. [R. 17-18].  The ALJ thus gave specific legitimate reasons for rejecting the 2005 opinion.  The Court further notes that there are no records reflecting mental health treatment from May 2004 until the June 2005 opinion.

5

**Credibility Analysis**

"Credibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990).   The ALJ's credibility determinations "warrant particular deference" because "[t]he ALJ enjoys an institutional advantage in making the type of determination at issue here. Not only does an ALJ see far more social security cases than do appellate judges, he or she is uniquely able to observe the demeanor ... of the claimant in a direct and unmediated fashion." *White v. Barnhart,* 287 F.3d 903, 910 (10th Cir.2001).  Credibility determinations, however, cannot be based on intangible or intuitive reasons, but "must be grounded in the evidence and articulated in the determination or decision." Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4; *see also Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." (internal quotation marks omitted)).

The ALJ cited several reasons to discount Plaintiff's credibility.  Plaintiff testified to having a lack of motivation, but the record reflects she performs significant activities of daily living when she chooses to do so, including doing household chores visiting friends and relatives, performing part-time work for a while, taking care of pets, establishing a relationship with a new boyfriend, and caring for a small child. [R. 17, 19].  Plaintiff argues that the ALJ's reasons were insufficient to support the decision and essentially disagrees with the weight the ALJ gave to the factors he considered.  However, the Court may not reweigh the evidence on appeal.

Plaintiff also suggests that the ALJ erred by not addressing all of the factors set forth in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987). However, as long as the ALJ sets forth the specific evidence he relies on in evaluating Plaintiff's credibility, he is not required to make a "formalistic factor-by-factor recitation of the evidence." *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ set forth the specific evidence he relied upon, applied the correct legal standards in evaluating Plaintiff's credibility and his determination on this matter is supported by substantial evidence in the record.

## Step 5 Analysis

Plaintiff argues that the decision should be reversed because in answer to questions posed by counsel, the vocational expert testified that Plaintiff could not work. *Hargis v. Sullivan,* 945 F.2d 1482, 1492 (10th Cir. 1991) provides that "testimony elicited by hypothetical questions that do not relate with precision all the claimants' impairments cannot constitute substantial evidence to support the Secretary's decision." However, in posing a hypothetical question, an ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. See *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990). The hypothetical questioning by Plaintiff's counsel included more severe impairments than the ALJ found to exist. The undersigned finds that the hypothetical questioning posed by the ALJ is supported by substantial evidence.

The ALJ's hypothetical questioning to the vocational expert limited her to performance of "simple one step tasks and some more detailed tasks under routine supervision." [R. 284]. According to Plaintiff, her abilities fall within reasoning level 1 in the Dictionary of Occupational Titles (DOT) which eliminates the jobs identified by the vocational expert. Reasoning level 1 is one of 6 levels of reasoning development that are

assigned to jobs in the DOT.  Level 1 is the lowest level and 6 is the highest.  Of the jobs identified by the vocational expert, two have a reasoning level 2 which requires the ability to: "[a]pply common sense understanding to carry out detailed but uninvolved written or oral instructions."  DOT; Appendix C, p. 1011.  The other position has a reasoning level of 3, which requires the ability to "[a]pply common sense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations."  *Id.*  The Court disagrees that reasoning level 2 is precluded by the ALJ's findings.

The reasoning development level in the DOT addresses the degree of analytical problem solving required by a job.  A designation that a job involves carrying out detailed, but uninvolved instructions indicates that every step of the process is defined, but that the process is fairly simple, ie. uninvolved.  Nothing about that circumstance is inconsistent with the ALJ's finding that Plaintiff could perform "simple one step tasks and some more detailed tasks under routine supervision." [R. 284].

The case cited by Plaintiff in support of his argument concerning the reasoning level, *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005) does not support remand in this case.  In *Hackett*, the Court remanded the case because there was a conflict between the Plaintiff's ability and the level 3 reasoning required by the jobs identified.  In that case the ALJ found:  "Mentally, [Plaintiff] retains the attention, concentration, persistence and pace levels required for simple and routine work tasks."  *Id.*  The Court found that residual functional capacity was not consistent with jobs having a level 3 reasoning requirement but noted that a level 2 reasoning appeared to be consistent with the residual functional

capacity finding.  *Id.*   In this case, Plaintiff's residual functional capacity is at least consistent with a reasoning level 2.

Plaintiff also argues that the case should be remanded because the vocational expert testified that "her ratings of moderate in domains #7 and #11 alone would preclude work on a steady basis." [Dkt. 17-1, p. 9].  That is not what the vocational expert said. Referring to the Mental Residual Functional Capacity form completed in April, 2003, Counsel asked the vocational expert whether an individual with the listed limitations would be able to sustain full-time employment. [R. 290].  The vocational expert answered that in his experience moderate limitations "would not rule out employment."  *Id.* at 291.  He elaborated, as follows:

> The two areas at marked would affect, in my opinion, it would affect jobs more than anything else and that's under B, item 7, ability to perform activities within a schedule, regular attendance and be punctual.  And then under item 11, ability to compete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace.  While those two are moderate they sort of, in my opinion, reflect what's happened to her in the past about these jobs, in other words, in no keeping, maybe getting a job.  But over a period of time these two are very important, being attentive on the job, being responsible and moderate would affect them over a period of time.  I couldn't give you an idea of how long but I think she would have a pattern like she's had in the past where she changed jobs frequently, needs help getting a job, things like that.

[R. 291-292].  Thus, the vocational expert testified that the moderate markings would not rule out employment.  He was of the opinion that a marked level would.  The Court views the comments that Plaintiff has frequently changed jobs as reflecting the definition of a moderate limitation, that is: the area is affected, but the ability to function is not precluded.

[R. 192].  The ALJ's findings concerning Plaintiff's ability to work is consistent with the vocational expert's testimony.

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts.  The Court further finds there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 18th day of July, 2007.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE